UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KOFI EASTERLING,

    **Plaintiff,**

    v.                    Case No. 08-C-1068

SPENCER SIARNICKI, BEVERLY DILLON,
BUD WALDRON, DEBBIE FRITZ, and JOHN HUSZ,

    **Defendants.**

---

### DECISION AND ORDER

Plaintiff, Kofi Easterling, who is incarcerated at Green Bay Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion to appoint counsel and plaintiff's motion for order requesting release from custody until resolution of this case.

### I. MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion requesting the court appoint a co-counsel attorney for plaintiff to assist in court proceedings. He wants counsel to "assist in overseeing court proceedings." (Pl.'s Motion to Appoint Counsel (emphasis in original).) He also states: "If request for appointed counsel is not granted. It should be noted that I am fully prepared to proceed to the best of my abilities, to justly resolve this civil complaint." Id.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285,

288 (7th Cir. 1995)). However, this court has no access to funds to compensate attorneys for such representation.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, I must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

Plaintiff has provided no indication that he has unsuccessfully attempted to obtain legal counsel on his own. In any event, even plaintiff believes he is capable of litigating this case without counsel. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Accordingly, I conclude that plaintiff is competent to litigate this case himself, and I will deny plaintiff's motion to appoint counsel.

## II. MOTION FOR ORDER REQUESTING RELEASE

Plaintiff has also filed a motion for an order requesting an immediate release from custody until the resolution of this case. He argues that defendants have used their job positions in an abusive manner to falsely imprison plaintiff, "[i]n essence stealing money from Wisconsin taxpayers and the federal government, who pay to house [plaintiff] in prison." (Pl.'s Motion Requesting Release.) Plaintiff contends that his release would "prevent the Department of Corrections from further being guilty, knowingly or unknowingly, of false imprisonment of [plaintiff's] person." Id.

Release from prison is not a remedy I can grant under § 1983. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Therefore, I will deny plaintiff's motion.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion requesting the court to appoint the plaintiff a co-counsel to assist in court proceedings (Docket #16) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order requesting release from custody until resolution of the case (Docket #19) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10 day of June, 2009.

/s
LYNN ADELMAN
District Judge

3

Case 2:08-cv-01068-JPS   Filed 06/10/09   Page 3 of 3   Document 21