# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KOFI EASTERLING,

        Plaintiff,

v.                                                                                   Case No. 08-CV-1068

SPENCER SIARNICKI, BEVERLY DILLON,
BUD WALDRON, DEBRA FRITZ, and JOHN HUSZ,

        Defendants.

## ORDER

Now before the court is the plaintiff's motion seeking reconsideration of the court's September 10, 2010 order granting the defendants' motion for summary judgment and dismissing this action. First, the plaintiff suggests without details or support that U.S. District Judge Lynn Adelman reassigned this case to purposely hide judicial misconduct. Second, the plaintiff argues that the defendants never raised the issue of qualified immunity and that it does not apply. Finally, the plaintiff again contends that *Riesch v. Schwartz*, 2005 WI 11, 278 Wis.2d 24, 692 N.W.2d 219, does not apply to this case because Riesch was a sex offender and was subject to different mandatory release laws than the plaintiff. Accordingly, the plaintiff concludes that *Riesch* does not constitute clearly established law for the purposes of qualified immunity.

There is no motion for reconsideration under the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b). A motion filed under Rule

59(e) must be filed within twenty-eight days of entry of the judgment, while a Rule 60(b) motion must be filed "within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 59(e), 60(c)(1). Whether a motion should be analyzed under Rule 59(e) or 60(b) depends on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Vacating a judgment under Rule 60(b) is permissible for several reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Rule 59(e), on the other hand, requires that the movant "clearly establish" one of the aforementioned grounds for relief. *Id.* (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The plaintiff bases his motion an errors of law, a basis encompassed by Rule 59(e). *See Obriecht*, 517 F.3d at 494. Accordingly, his motion will be considered under Rule 59(e). As indicated, a court may grant a motion to amend a judgment

if there is newly discovered evidence or an intervening change in the law or if the judgment reflects a manifest error of the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's allegation that the defendants failed to raise the issue of qualified immunity is incorrect. The defendants asserted qualified immunity as an affirmative defense in their answer to the plaintiff's complaint. They also argued in their motion for summary judgment that they were protected from liability by qualified immunity.

With regard to the application of *Riesch*, the plaintiff raises no new arguments. He simply restates his position from his response to the defendants' motion for summary judgment.

Finally, the plaintiff's vague and unsupported suggestion that this case was transferred to hide judicial misconduct is wholly without merit. Even if the plaintiff had evidence of misconduct, Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #49) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge